**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPIFANIA NICOLAS, | No. 11-55253 |
| Plaintiff - Appellant, | D.C. No. 2:09-CV-01737-DMG-PJW |
| v. | |
| CITY OF RIVERSIDE, California; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 9, 2012[**]
Pasadena, California

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and SINGLETON, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, sitting by designation.

Epifania Nicolas appeals the district court's grant of summary judgment for Defendant-Appellees City of Riverside, California, Jim Brandt, Michael Medici, and Russ Leach (collectively, "the City"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly granted summary judgment to the City. Even if Nicolas's claim for violations of her Fourth Amendment rights under 42 U.S.C. § 1983 were not barred by collateral estoppel, the uncontroverted facts establish that there was probable cause to arrest Nicolas. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Though Nicolas claimed to dispute several of the City's facts in her opposition to the motion for summary judgment, neither her asserted facts nor any of the evidence cited controverted the facts on which the district court relied. From these undisputed facts, the district court found the evidence revealed Nicolas had potential motives to murder Shirazi and had close connections to the men ultimately convicted of Shirazi's murder. This, in combination with her actions at the time of and following the murder, established much more than mere suspicion or "mere propinquity." *United States v. Hillison*, 733 F.2d 692, 697–98 (9th Cir. 1984); *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). As this evidence was sufficient under the totality of the circumstances to "lead a [person] of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion

2

that [Nicolas was] guilty of a crime," *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (internal quotations and citations omitted), the district court did not err in finding the City met its burden of producing evidence to show probable cause existed to arrest Nicolas, *see Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 965 (9th Cir. 2001).

**AFFIRMED.**